### RUFUS DARLING & others *vs.* JAMES ROARTY.

•Under the provisions of *St.* 1853, *c.* 371, specific performance of a written contract could only be enforced by action at law, praying for relief in equity.

The court have no power to allow a bill in equity for specific performance to be amended so as to stand as an action of contract, praying for relief in equity, under *St.* 1853, *c.* 371.

BILL IN EQUITY, filed at October term 1854, for the specific performance of a bond to convey real estate. The defendant, though served with a subpœna in the usual form, filed no answer; and the plaintiffs, at May term 1855, moved that the bill be taken for confessed.

The defendant resisted this motion, and moved the court to dismiss the bill, for want of jurisdiction, because the plaintiffs' remedy, if any, was by action of contract, praying relief in equity, under the *St.* of 1853, *c.* 371.

The plaintiffs thereupon prayed for leave to amend, if the court should be of opinion that the bill could not be maintained

Darling & others *v.* Roarty.

in its present form. And *Dewey*, J. reserved the case for the consideration of the whole court.

*P Simmons*, for the plaintiffs.

*J. White*, for the defendant.

BY THE COURT. The language of the *St.* of 1853, *c.* 371, § 1, is decisive of this case : " All suits for the specific performance of any written contract " " shall be by action of contract, setting forth the facts and circumstances of the case so far as may be necessary, and praying for relief in equity." This statute deprives the court of its jurisdiction of bills in equity for the objects enumerated therein.

The statutes allowing amendments do not authorize the substitution of an action at law for a bill in equity, or of a bill in equity for an action at law. *Hayward* v. *Hapgood*, 4 Gray, 437.

*Bill dismissed.**

---

* The *St.* of 1855, *c.* 194, passed on the 14th of April 1855, after giving, in § 1, jurisdiction in equity to this court in cases of fraud, and of conveyances of real estate in the nature of mortgages, contains the following provisions :

" SECTION 2. When relief is sought in equity, the material facts and circumstances relied on shall be stated with brevity, omitting all immaterial and irrelevant matter, either in the form of a bill or petition to the court, or in a declaration in an action of contract or tort."

" SECTION 5. The provisions of law, and the rules of proceeding in equity heretofore established by the supreme judicial court, except so far as changed by the provisions of this act, or by the rules of court hereafter to be made under the powers conferred on the court, shall remain in force."

The *St.* of 1856, *c.* 38, after giving to this court, by § 1, jurisdiction in equity in cases of accident and mistake, contains the following sections :

" SECTION 2. Suits in equity may be commenced by bill or by writ of attachment.

" SECTION 3. All acts or parts of acts, inconsistent with the preceding section, are repealed."